**EXHIBIT B**

To Notice of Removal

**CT Corporation**

**Service of Process Transmittal**
12/21/2021
CT Log Number 540771725

**TO:**      Jennifer E. White, Associate General Counsel
Retail Services & Systems
6600 Rockledge Dr. Suite 150
Bethesda, MD 20817

**RE:**      **Process Served in Maryland**

**FOR:**     Retail Services & Systems, Inc.  (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EVA ASABRE, vs. Retail Services & Systems, Inc |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified |
| | Case # C15CV21000459 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Incorporated, Lutherville Timonium, MD |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/21/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Maryland |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Deedra Danner  ddanner@totalwine.com |
| | Email Notification,  Robert T. Shaffer  bshaffer@totalwine.com |
| | Email Notification,  Jennifer E. White  jwhite@totalwine.com |
| | Email Notification,  Alexa Mcdevitt  amcdevitt@totalwine.com |
| | Email Notification,  Tessa Mager  tmager@totalwine.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Incorporated |
| | 2405 York Rd |
| | Ste 201 |
| | Lutherville Timonium, MD 21093 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

**CT Corporation**

**Service of Process Transmittal**
12/21/2021
CT Log Number 540771725

**TO:**     Jennifer E. White, Associate General Counsel
Retail Services & Systems
6600 Rockledge Dr. Suite 150
Bethesda, MD 20817

**RE:**     **Process Served in Maryland**

**FOR:**    Retail Services & Systems, Inc.  (Domestic State: MD)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



CERTIFIED MAIL

7020 3160 0000 4969 7044

**Cory L. Zajdel, Esq.**
Z Law, LLC
2345 York Road, Suite B-13
Timonium, Maryland 21093




U.S. POSTAGE PAID
FCM LG ENV
LUTHERVILLE TIMONIUM, MD
21093
DEC 18, 21
AMOUNT
**$14.96**
R2304H109202-60

1000        21093

Corporation Trust Incorperated
2405 York Road, Suite 201
Timonium, MD 21093

**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

Main: 240-777-9400

50 Maryland Avenue
Rockville, Maryland 20850

**To:** RETAIL SERVICES & SYSTEMS, INC.
D/B/A TOTAL WINE & MORE
6600 ROCKLEDGE DRIVE
SUITE 150
BETHESDA MD 20817
**SERVE ON:** CORPORATION TRUST
INCORPORATED
2405 YORK ROAD
SUITE 201
TIMONIUM, MD 21093

|  |  |
|---|---|
| **Case Number:** | C-15-CV-21-000459 |
| **Other Reference Number(s):** | |

**EVA ASABRE, ET AL. VS. RETAIL SERVICES & SYSTEMS, INC.**

Issue Date: 12/13/2021

## WRIT OF SUMMONS (NEW CASE)

You are hereby summoned to file a <u>written</u> response by pleading or motion, within 30 days after service of this summons upon you, in this Court, to the attached complaint filed by:

Asabre, Eva; Asabre, Eva
5834 WHITE LAKE LANE,
Apt 206
Frederick, MD 21703

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

*Karen A. Bushell*

Karen A. Bushell
Clerk of the Circuit Court

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.

Eva Asabre, et al. vs. RETAIL SERVICES & SYSTEMS, INC.    Case Number: C-15-CV-21-000459

Case 8:22-cv-00148-PWG   Document 1-2   Filed 01/19/22   Page 6 of 32

2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

**Eva Asabre, et al. vs. RETAIL SERVICES & SYSTEMS, INC.**     **Case Number: C-15-CV-21-000459**

## RETURN

☐ Served _____ on _____ at _____
Whom               Date               City/State/Country

☐ Summons and   ☐ Show Cause Order and   ☐ Complaint/Petition/Motion Served

☐ Unserved _____ _____
Date                                  Reason

_____ ☐ Sheriff
Signature



**Z LAW**

**JEFFREY C. TOPPE, ESQ.**

(443) 213-1977
JCT@ZLAWMARYLAND.COM

## CONSUMER PROTECTION LAW FIRM

December 10, 2021

**BY ELECTRONIC FILING**

Clerk of the Court-Civil
Circuit Court of Montgomery County
50 Maryland Avenue
Rockville, MD 20850

> Re:     **Request for Summons**
>          _**Eva Asabre, et al. v. Retail Services & Systems, Inc.**_

Dear Clerk:

     Please issue a Summons for service by private process on Defendant Retail Services & Systems, Inc. that Plaintiffs will serve by private process.

                        Sincerely,
                        /s/ Jeffrey C. Toppe
                        Jeffrey C. Toppe, Esq.

JCT

IN THE CIRCUIT COURT FOR Montgomery County
*(City or County)*

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒PLAINTIFF  ☐DEFENDANT   CASE NUMBER _____
*(Clerk to insert)*

**CASE NAME:** Eva Asabre, et al. _____ vs. Retail Services & Systems, Inc. _____
     *Plaintiff*                                              *Defendant*

**PARTY'S NAME:** Eva Asabre        **PHONE:** _____

**PARTY'S ADDRESS:** _____

**PARTY'S E-MAIL:** _____

If represented by an attorney:

**PARTY'S ATTORNEY'S NAME:** Jeffrey C. Toppe _____ **PHONE:** 443-213-1977

**PARTY'S ATTORNEY'S ADDRESS:** Z Law, LLC, 2345 York Road, Suite B-13, Timonium, MD 21093

**PARTY'S ATTORNEY'S E-MAIL:** jct@zlawmaryland.com

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** _____ hours  3 days

### PLEADING TYPE

**New Case:** ☒Original    ☐Administrative Appeal   ☐ Appeal

**Existing Case:** ☐Post-Judgment   ☐Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt: _____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☐ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**Government**
- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☒ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)        Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☒ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☒ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☒ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated **Liability** above*, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☐ Liability is not conceded, but is not seriously in dispute. ☒ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $_____     ☐ Wage Loss $_____     ☐ Property Damages $_____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation    ☐Yes  ☒No              C. Settlement Conference  ☐Yes  ☒No
B. Arbitration    ☐Yes  ☒No              D. Neutral Evaluation    ☐Yes  ☒No

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.* ***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less      ☒ 3 days of trial time

☐ 1 day of trial time          ☐ More than 3 days of trial time

☐ 2 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

***For all jurisdictions***, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.

☐ **Expedited**- Trial within 7 months of Defendant's response    ☐ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

Doc ID: 2fe7c707a27fd18eeec0e32b16c7cc99440de760

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response ☐ **Standard** - Trial within 18 months of Defendant's response

***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.***

## CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff................................... . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

## CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

December 10, 2021
Date

Z Law, LLC, 2345 York Road, Suite B-13
Address

| Timonium | MD | 21093 |
|---|---|---|
| City | State | Zip Code |

Signature of Counsel / Party

Jeffrey C. Toppe
Printed Name

Doc ID: 2fe7c707a27fd18eeec0e32b16c7cc99440de760

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY

EVA ASABRE
5834 WHITE LAKE LANE,
APT. 206
FREDERICK, MARYLAND 21703

       *on her own behalf and on behalf of*
       *all others similarly situated,*

       *Plaintiff,*

       v.

RETAIL SERVICES & SYSTEMS, INC.
d/b/a TOTAL WINE & MORE
6600 ROCKLEDGE DRIVE, SUITE 150
BETHESDA, MD 20817

**Serve on**:   THE CORPORATION TRUST
          INCORPORATED
          2405 YORK ROAD
          SUITE 201
          TIMONIUM, MD 21093-2264

       *Defendant.*

JURY TRIAL REQUESTED

Case No. _____

---

## CLASS ACTION COMPLAINT

    Plaintiff, Eva Asabre ("Named Plaintiff"), by and through her attorneys Jeffrey C. Toppe,

Esq., David M. Trojanowski, Esq., and Z Law, LLC, file this action on behalf of herself and all

others similarly situated against Defendant, Retail Services & Systems, Inc. d/b/a Total Wine &

More ("Defendant" or "Total Wine") and for support states as follows:

## I.    PRELIMINARY STATEMENT

    1.    Named Plaintiff brings this action individually and on behalf of a nationwide class

of consumers and a sub-class of Maryland consumers for the benefit and protection of those

consumers to whom Total Wine has sent, and continues to send, emails with misleading subject lines.

2. In sending these misleading emails, described fully herein, Total Wine has engaged in unfair, deceptive, and misleading consumer practices, in violation of the Maryland Commercial Electronic Mail Act ("MCEMA"), Maryland Code Annotated, Commercial Law §§ 14-3001 *et seq*.

3. In 2002, the Maryland General Assembly enacted MCEMA. The Maryland Court of Appeals has recognized that this statute was passed "to curb the dissemination of false or misleading information through unsolicited, commercial e-mail, as a deceptive business practice." *Beyond Sys., Inc. v. Realtime Gaming Holding Co.*, 388 Md. 1, 16 (2005). By the time MCEMA was enacted, 21 other states had already enacted laws to curb the proliferation of spam. *See id*.

4. Named Plaintiff brings this action on behalf of herself and all other similarly-situated consumers to obtain redress for those to whom Total Wine has sent emails with misleading subject lines. Named Plaintiff alleges violations of MCEMA § 14-3001, *et seq*.

5. Total Wine sends emails with subject lines that promise that the recipient will receive discounts on the purchase of products from their stores. However, if the recipient opens the email, it becomes clear that the recipient will not receive the promised discount, unless the recipient satisfies certain conditions, which are not disclosed in the subject heading of the email.

6. For instance, many of the emails of which Named Plaintiff complain indicate, in the body of the email, that the advertised discount only applies to specific brands of wine and that the recipient must purchase a minimum number of bottles in order to receive the promised discount.

7.    These conditions upon the promised discounts are not disclosed in the subject lines of the emails.

8.    Total Wine does not actually intend to provide the discount advertised in the subject line of the emails it sends unless the recipient meets undisclosed conditions.

9.    For example, in one instance, Total Wine sent an email with the subject heading: "FLASH WINE COUPON: Save 15% off Wine[.]" However, the body of the email indicates that, in order to receive the promised discount, the customer must "mix 6 or more 750ml and 1.5L Winery Direct wines[.]" Had the customer wanted to only purchase one bottle of wine, or a brand of wine outside the Winery Direct brand, the customer would not have in fact received "15% off Wine[.]"

10.    By sending these misleading emails, Total Wine intends to deceive the recipients.

## II.    **JURISDICTION**

11.    The Circuit Court of Maryland has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

12.    The Circuit Court of Maryland has personal jurisdiction over Defendant Total Wine pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-102 as Total Wine is organized under the laws of Maryland and maintains its principal place of business in Maryland.

## III.    **PARTIES**

13.    Named Plaintiff Eva Asabre is a natural person currently residing at 5834 White Lake Lane, Apt. 206, Frederick, Maryland 21703 (Frederick County, Maryland).

14.    Defendant Total Wine is a Maryland corporation doing business within this state and with its principal place of business located at 6600 Rockledge Drive, Bethesda, MD 20817.

## IV.    FACTUAL ALLEGATIONS

15.    On December 16, 2019, Total Wine sent Named Plaintiff Eva Asabre and members of the Nationwide Class and Sub-Class an email with the subject heading: "3 Days Only: 20% off Wines from Europe!"

16.    On March 14, 2020, Total Wine sent Named Plaintiff Eva Asabre and members of the Nationwide Class and Sub-Class an email with the subject heading: "YOUR COUPON ENDS SUNDAY: Save 15% on Top Wines[.]"

17.    On May 19, 2021, Total Wine sent Named Plaintiff Eva Asabre and members of the Nationwide Class and Sub-Class an email with the subject heading: "FLASH WINE COUPON: Save 15% off Wine[.]"

18.    On November 22, 2021, Total Wine sent Named Plaintiff Eva Asabre and members of the Nationwide Class and Sub-Class an email with the subject heading: "Ends Soon: 50% off Winery Direct® wine[.]"

19.    On November 29, 2021, Total Wine sent Named Plaintiff Eva Asabre and members of the Nationwide Class and Sub-Class an email with the subject heading: "FLASH SALE: 20% Off Wine + More Offers Just for You!"

20.    Had Named Plaintiff or the members of the Nationwide Class or Sub-Class (each defined herein) entered the discount code located within the emails described in Paragraph 15 through and including Paragraph 19 (hereinafter "the Subject Emails"), the advertised discount would not have applied, unless the customer purchased wine within the undisclosed restrictions set forth in the body of the emails.

21.    On information and belief, Total Wine sent the Subject Emails to Named Plaintiff and members of the Nationwide Class and Sub-Class from a computer located within Maryland.

- 4 -

22.     Total Wine sent the Subject Emails to Named Plaintiff and members of the Maryland only Sub-Class, each of whom were residents of Maryland at the time Total Wine sent the Subject Emails.

23.     Total Wine had actual and/or constructive knowledge of the residency of Named Plaintiff and members of the Maryland only Sub-Class.

## V.    CLASS ACTION ALLEGATIONS

24.     Named Plaintiff brings this action, both individually and as a class action, on behalf of similarly situated recipients of commercial electronic mail sent by Total Wine pursuant to Maryland Rule 2-231(c)(3) and seek to represent the following Nationwide Class and Sub-Class, defined as:

> **Nationwide Class**
>
> **All individuals to whom Total Wine sent, from a computer located within Maryland, one or more of the Subject Emails.**
>
> **Sub-Class**
>
> **All individuals located within Maryland to whom Total Wine sent one or more of the Subject Emails.**

Excluded from the Nationwide Class and Sub-Class are Defendant, as well as Defendant's affiliates, employees, officers and directors, and the Judge to whom this case is assigned. Also excluded from the Sub-Class are any individual who provided a phone number to Defendant with an area code other than 240, 301, 410, 443, or 667; and either (1) signed up to receive Total Wine emails inside of a Total Wines store located outside of Maryland; or (2) signed up to receive Total Wine emails on the Total Wine internet website and listed a non-Maryland store as their "preferred store." Named Plaintiff reserves the right to amend the definition of the Nationwide Class and Sub-Class if discovery and/or further investigation reveal that the Nationwide Class or Sub-Class

should be expanded or otherwise modified.

25.    The Nationwide Class and Sub-Class, as defined above, are identifiable. Named Plaintiff is a member of the Nationwide Class and the Sub-Class.

26.    The Nationwide Class and Sub-Class each consists, at a minimum, of 50 consumers and are thus so numerous that joinder of all members is clearly impracticable.

27.    There are questions of law and fact which are not only common to the Nationwide Class and Sub-Class but which predominate over any questions affecting only individual members of the Nationwide Class and the Sub-Class.

28.    With respect to the Nationwide Class and the Sub-Class, the common and predominating questions include, but are not limited to:

(a)    Whether the Subject Emails are subject to MCEMA § 14-3001, *et seq.*;

(b)    Whether the subject lines of the Subject Emails contain false or misleading information that has the capacity, tendency, or effect of deceiving the recipient, in violation of MCEMA § 14-3002;

(c)    Whether Total Wine is subject to the $500 penalty set forth in MCEMA § 14-3003 for each of the Subject Emails sent by Total Wine; and

(d)    With respect to the Nationwide Class only, whether Total Wine sent the Subject Emails from a computer located within the State of Maryland.

29.    Claims of Named Plaintiff are typical of the claims of the respective members of the proposed Nationwide Class and Sub-Class and are based on and arise out of similar facts constituting the wrongful conduct of Defendant.

30.    Named Plaintiff will fairly and adequately protect the interests of the proposed Nationwide Class and Sub-Class.

31.     Named Plaintiff is committed to vigorously litigating this matter.

32.     Further, Named Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

33.     Neither Named Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

34.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Nationwide Class and Sub-Class. MD. RULE 2-231(c)(3).

35.     A class action is the superior method for fair and efficient adjudication of the controversy. MD. RULE 2-231(c)(3).

36.     The likelihood that individual members of the proposed Nationwide Class or Sub-Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

37.     The likelihood that individual members of the proposed Nationwide Class or Sub-Class will prosecute separate actions is remote also because each individual claim involves a relatively small amount.

38.     Counsel for Named Plaintiff and the proposed Nationwide Class and Sub-Class are experienced in class actions and foresees little difficulty in the management of this case as a class action.

## VI.   **CAUSE OF ACTION**

**COUNT ONE**
**(MARYLAND COMMERCIAL ELECTRONIC MAIL ACT § 14-3001, *ET SEQ.*)**
**(FOR THE NATIONWIDE CLASS)**

39.     Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

40.     Maryland Commercial Electronic Mail Act ("MCEMA") § 14-3001 defines "Commercial Electronic Mail" as "electronic mail that advertises real property, goods, or services for sale or lease."

41.     The Subject Emails were "Commercial Electronic Mail," as the purpose of those emails was to advertise goods or services for sale.

42.     MCEMA § 14-3002(b) contains the following prohibition related to Commercial Electronic Mail: "A person may not initiate the transmission [that is sent] from a computer in the State[, which] [c]ontains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient."

43.     Total Wine is the person that initiated the transmission of the Subject Emails.

44.     Total Wine sent, from a computer located within the State of Maryland, the Subject Emails to the Named Plaintiff and members of the Nationwide Class.

45.     Named Plaintiff and members of the Nationwide Class were the intended recipients of the Subject Emails.

46.     MCEMA § 14-3003(c) provides that "[a] person who violates this subtitle is liable for reasonable attorney's fees and for damages . . . [t]o the recipient of commercial electronic mail, in an amount equal to the greater of $500 or the recipient's actual damages[.]"

47.     Under MCEMA, it is irrelevant whether the Subject Emails were solicited.

48.     In violation of MCEMA § 14-3002, the Subject Emails each contain subject lines with false or misleading information that had the capacity to deceive the recipient.

49.     For example, many of the Subject Emails contain subject lines that state something to the effect of "15% off Wine" without explaining that the purchaser is only eligible to receive this discount if they purchase: (1) a specific type of wine; and (2) a minimum quantity of wine.

50.     This type of subject line has the capacity to deceive the recipient into thinking that *all* wine is 15% off for the duration of the sale, when in reality, only select types of wine are 15% off, and only if the purchaser purchases a minimum quantity of wine.

51.     A purchaser who only reads the subject line of the Subject Emails (and does not read the fine print within the body of the email), would be unaware of the specific and substantial limitations for each "sale" or "discount" offered.

52.     Each of the Subject Emails sent is a separate violation of MCEMA § 14-3002.

53.     Between December 16, 2019 and the present, Total Wine initiated the transmission of at least five commercial electronic mail messages to the Named Plaintiff and members of the Nationwide Class, which each contained false and/or misleading information in the subject line that had the capacity to deceive the recipient, as stated herein.

54.     The claims asserted in Count One are ongoing and include emails that may be received as Defendant may continue to send them, and as new information is discovered, up to the time of entry of a final non-appealable judgment.

## COUNT TWO
### (MARYLAND COMMERCIAL ELECTRONIC MAIL ACT § 14-3001, *ET SEQ.*)
### (MARYLAND ONLY SUB-CLASS)

55.     Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

56.     Maryland Commercial Electronic Mail Act ("MCEMA") § 14-3001 defines "Commercial Electronic Mail" as "electronic mail that advertises real property, goods, or services for sale or lease."

57.     The Subject Emails were "Commercial Electronic Mail," as the purpose of those emails was to advertise goods or services for sale.

- 9 -

58.    MCEMA § 14-3002(b) contains the following prohibition related to Commercial Electronic Mail: "A person may not initiate the transmission [that] is sent to an electronic mail address that the sender knows or should have known is held by a resident of the State[, which] [c]ontains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient."

59.    Total Wine is the person that initiated the transmission of the Subject Emails.

60.    MCEMA § 14-3002(c) contains the following presumption: "[a] person is presumed to know that the intended recipient of commercial electronic mail is a resident of the State if the information is available on request from the registrant of the Internet domain name contained in the recipient's electronic mail address."

61.    Information concerning the residency of Named Plaintiff and members of the Sub-Class is (and was) available on request from the registrant of the Internet domain name contained in Plaintiff's and members of the Sub-Class' electronic mail address.

62.    Defendant also collects telephone numbers for each person it will send "Commercial Electronic Mail" to before it sends any "Commercial Electronic Mail."

63.    Defendant had reason to believe that all individuals (a) with a Maryland based area code, including 240, 301, 410, 443, or 667 were residents of Maryland at the time the Subject Emails were sent; (b) who signed up to receive Total Wine emails inside of a Total Wines store located within Maryland were residents of Maryland at the time the Subject Emails were sent; and (3) who signed up to receive Total Wine emails on the Total Wine website and listed a Maryland store as their "preferred store" were residents of Maryland at the time the Subject Emails were sent.

64.    Named Plaintiff and members of the Sub-Class are and were, in fact, residents of

Maryland at the time the Subject Emails were transmitted by Total Wine.

65.     Named Plaintiff and members of the Sub-Class were the intended recipients of the Subject Emails.

66.     Total Wine knew or should have known that Named Plaintiff and members of the Sub-Class, the intended recipients of the aforementioned emails, are (and were) residents of the State of Maryland when Total Wine sent the Subject Emails.

67.     MCEMA § 14-3003(c) provides that "[a] person who violates this subtitle is liable for reasonable attorney's fees and for damages . . . [t]o the recipient of commercial electronic mail, in an amount equal to the greater of $500 or the recipient's actual damages[.]"

68.     Under MCEMA, it is irrelevant whether the Subject Emails were solicited.

69.     In violation of MCEMA § 14-3002, the Subject Emails each contain subject lines with false or misleading information that had the capacity to deceive the recipient.

70.     For example, many of the Subject Emails contain subject lines that state something to the effect of "15% off Wine" without explaining that the purchaser is only eligible to receive this discount if they purchase: (1) a specific type of wine; and (2) a minimum quantity of wine.

71.     This type of subject line has the capacity to deceive the recipient into thinking that *all* wine is 15% off for the duration of the sale, when in reality, only select types of wine are 15% off, and only if the purchaser purchases a minimum quantity of wine.

72.     A purchaser who only reads the subject line of the Subject Emails (and does not read the fine print within the body of the email), would be unaware of the specific and substantial limitations for each "sale" or "discount" offered.

73.     Each of the Subject emails sent is a separate violation of MCEMA § 14-3002.

74.     Between December 16, 2019 and the present, Total Wine initiated the transmission

- 11 -

of at least five commercial electronic mail messages to the Named Plaintiff and members of the Sub-Class, which each contained false and/or misleading information in the subject line that had the capacity to deceive the recipient, as stated herein.

75.    The claims asserted in Count Two are ongoing and include emails that may be received as Defendant may continue to send them, and as new information is discovered, up to the time of entry of a final non-appealable judgment.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Named Plaintiff respectfully prays for judgment as follows:

A.    An order assuming jurisdiction of this case;

B.    an order certifying the Nationwide Class and Sub-Class under Maryland Rule 2-231(c)(3);

C.    an order appointing Eva Asabre as representative of the Nationwide Class and Sub-Class, and undersigned counsel as Class counsel for both the Nationwide Class and the Sub-Class;

D.    an order awarding statutory damages pursuant to MCEMA § 14-3003 ($500 per violation) for Named Plaintiff and the members of the proposed Nationwide Class and Sub-Class;[1]

E.    an award of attorneys' fees, pursuant to the MCEMA § 14-3003;

F.    an award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiff and the members of the proposed Nationwide Class and Sub-Class;

G.    award such other relief as the court deems appropriate.

---

[1] Pursuant to Maryland Rule 2-305, Named Plaintiff Eva Asabre states that her individual claim for relief under MCEMA § 14-3003 totals $2,500 (5 emails x $500 per email = $2,500).

Respectfully submitted,

Z LAW, LLC

Dated: December 10, 2021

_____ /s/ Jeffrey C. Toppe_____
Jeffrey C. Toppe, Esq. (CPF #1412180230)
David M. Trojanowski, Esq. (CPF #1412180233)
2345 York Road, Suite B-13
Timonium, Maryland 21093
(443) 213-1977
jct@zlawmaryland.com
dmt@zlawmaryland.com

**Attorneys for Named Plaintiff**

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY

EVA ASABRE

    *on her own behalf and on behalf of*
    *all others similarly situated,*

      *Plaintiff,*

      v.

RETAIL SERVICES & SYSTEMS, INC.
d/b/a TOTAL WINE & MORE

      *Defendant.*

JURY TRIAL REQUESTED

Case No. _____

---

## DEMAND FOR JURY TRIAL

    Plaintiff Eva Asabre, on behalf of herself and all others similarly situated, demands trial by jury on all issues so triable.

                /s/ Jeffrey C. Toppe_____
                Jeffrey C. Toppe
                2345 York Road, Suite B-13
                Timonium, Maryland 21093
                (443) 213-1977
                jct@zlawmaryland.com

                **Attorney for Named Plaintiff**

 **CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND** Main: 240-777-9400
50 Maryland Avenue
Rockville, Maryland 20850

**To:** JEFFREY C TOPPE
Z LAW LLC
2345 YORK ROAD SUITE B-13
TIMONIUM MD 21093

|  |  |
|---|---|
| **Case Number:** | C-15-CV-21-000459 |
| **Other Reference Number(s):** |  |

EVA ASABRE, ET AL. VS. RETAIL SERVICES & SYSTEMS, INC.

Date: 12/13/2021

## RECEIPT OF CASE AND ASSIGNMENT OF CASE NUMBER

Please be advised that the above referenced case was received on 12/10/2021, in the office of the Clerk for Montgomery County.

This matter has been assigned the above case number. Please include this case number on all future papers to be filed in this case.

*Karen A Bushell*

Karen A. Bushell
Clerk of the Circuit Court



**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland  20850

Main: 240-777-9400

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 13, 2021

**To:**  JEFFREY C TOPPE
Z LAW LLC
2345 YORK ROAD SUITE B-13
TIMONIUM MD  21093

**Case Number:**                          C-15-CV-21-000459
**Other Reference Number(s):**

**EVA ASABRE, ET AL. VS. RETAIL SERVICES & SYSTEMS, INC.**

Date: 12/13/2021

### SCHEDULING NOTICE AND ORDER OF COURT - Civil Track 3
### COMPLAINT FILED ON 12/10/2021

It is by the Circuit Court for Montgomery County, Maryland, **ORDERED** as follows:

1.) <u>Proof of Service</u>. Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service of the following on each of the Defendants: copies of the Summons, the Complaint, this Scheduling Notice and Order of Court, Order for Mandatory Settlement Conference/Pretrial Hearing, and the Scheduling Order.

   a.) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice pursuant to Rule 2-507.

   b.) As to any Defendant not timely served, the Court may sever the case against that party.

   c.) **A motion for alternative service as to any unserved Defendant may not be filed after the 121ˢᵗ day after filing of the complaint:  DEADLINE: 04/11/2022**

   d.) **Defendants who are not served by the 121ˢᵗ day after filing of the complaint are subject to dismissal under Rule 2-507.**

   e.) As to any Defendant served with the Summons and Complaint, the Defendant must file the Defendant's Civil Information Form with the initial pleading and mail a copy to Plaintiff.

   f.) **<u>FAILURE TO SERVE A PARTY WILL NOT RESULT IN MODIFICATION OF THE DEADLINES OR REISSUANCE OF THE SCHEDULING ORDER.</u>**

2.) <u>Answer or Other Responsive Pleading</u>. Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court, upon request, may enter an Order of Default pursuant to Rule 2-613.

3.) <u>Initial Discovery</u>. No later than ninety (90) days from the filing of the complaint, the parties shall complete sufficient initial discovery to enable them to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution, (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing, including:

   a) **Initial Disclosure of the Plaintiff's Experts to occur no later than deadline provided on the Scheduling Order:** The deadline for the disclosure of Plaintiff's experts is approximately ninety (90) days from the date of filing. Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert. The obligation to supplement the information provided by this deadline continues and must be provided without delay as soon as it is known to the Plaintiff, but no later than one hundred twenty (120) days from the filing of the complaint, without leave

of the Court. This includes any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness. Under no circumstances may this information be withheld.

4.) <u>Discovery of Electronic Information</u>. Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to the preservation of electronic information, if any, and the necessity and manner conducting discovery regarding electronic information, and the parties should address the following:

   a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;
   b) Exchange of discoverable information in electronic format where appropriate, including:
      i) The format of production, i.e., PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, etc., and the storage media on which the information shall be exchanged; and
      ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.
   c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;
   d) The manner of handling inadvertent production of privileged materials; and
   e) Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court.

5.) <u>Attorneys' Fees</u>. If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury. The Court will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules. If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue. (See Rules 2-703, 2-704, and 2-705.)

6.) <u>Mediation</u>. PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE. PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR COUNSEL, IF APPLICABLE). Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator. Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court. Counsel/parties may object to participating in mediation in accordance with Maryland Rule 17-202(f) within thirty (30) days after entry of the order, may file (A) an object to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 13, 2021        12/13/2021
                          Date            Administrative Judge

Questions? Please see https://montgomerycountymd.gov/cct/departments/dcm.html or call the DCM Coordinator.



**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland  20850

Main: 240-777-9400

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 13, 2021

**To:**   JEFFREY C TOPPE
Z LAW LLC
2345 YORK ROAD SUITE B-13
TIMONIUM MD  21093

Case Number:          C-15-CV-21-000459
Other Reference Number(s):

**EVA ASABRE, ET AL. VS. RETAIL SERVICES & SYSTEMS, INC.**

Date: 12/13/2021

### SCHEDULING ORDER – TRACK 3
### COMPLAINT FILED ON 12/10/2021

THIS ORDER IS YOUR OFFICIAL NOTICE OF CASE DEADLINES AND HEARINGS REQUIRING APPEARANCES.  FAILURE TO APPEAR AT HEARINGS OR COMPLY WITH ALL REQUIREMENTS MAY RESULT IN DISMISSAL, DEFAULT JUDGMENT, EXCLUSION OF WITNESSES AND/OR EXHIBITS, ASSESSMENTS OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES, OR OTHER SANCTIONS.

| EVENT: [ATTENDANCE REQUIRED AT EVENTS] | DEADLINE: |
|---|---|
| *DEADLINE: PLT EXPERTS IDENTIFIED* | 03/10/2022 |
| *DEADLINE: MOTION FOR ALTERNATIVE SERVICE FILED* | 04/11/2022 |
| *DEADLINE: DEF EXPERTS IDENTIFIED* | 05/09/2022 |
| *DEADLINE: ALL WRITTEN DISCOVERY SERVED BY* | 07/08/2022 |
| *DEADLINE: DISCOVERY COMPLETED* | 08/22/2022 |
| *DEADLINE: ADD`L PARTIES JOINDER* | 08/30/2022 |
| MEETING OF ALL COUNSEL, Time and place to be determined PLUS DEADLINES: | 09/06/2022 |
| *DEADLINE: DISPOSITIVE MOTIONS FILED* | 09/06/2022 |
| *DEADLINE: JOINT PRETRIAL STATEMENT FILED* | 09/06/2022 |
| *DEADLINE: RULE 2-504.3(B) NOTICE* | 09/06/2022 |
| *DEADLINE: ADR DEADLINE* | 09/12/2022 |
| PRETRIAL HEARING | 9/22/2022 at |
| ATTENDANCE REQUIRED | 2:00 PM |
| *DEADLINE: PLEADING AMENDMENT TO BE DETERMINED AT PRETRIAL* | |

**TRIAL COUNSEL SHALL APPEAR** AT THE PRETRIAL HEARING.  MOTIONS FILED IN CIVIL TRACK 3 ACTIONS SHALL NOT EXCEED 15 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 10 PAGES WITHOUT LEAVE OF THE COURT. IDENTIFICATION OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS GOVERNED BY RULES 2-211, 2-331, 2-332 and 2-341.
THE **TRIAL DATE** SHALL BE SET AT THE PRETRIAL HEARING BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED.

        Trial Date Between:    __10/24/2022__    and    __01/30/2023__

**ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION FILED IN ADANCE OF THE DEADLINES OR HEARING DATES SOUGHT TO BE MODIFIED, PROVIDING GOOD CAUSE TO JUSTIFY ANY MODIFICATION THEREOF.**

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 13, 2021

| 12/13/2021 | |
| Date | Administrative Judge |

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358. QUESTIONS? Please see the Court's GUIDE TO DCM ORDERS and https://montgomerycountymd.gov/cct/departments/dcm.html.



**CIRCUIT COURT FOR MONTGOMERY COUNTY,**
**MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

Main: 240-777-9400

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 13, 2021

**To:** JEFFREY C TOPPE
Z LAW LLC
2345 YORK ROAD SUITE B-13
TIMONIUM MD 21093

Case Number:         C-15-CV-21-000459
Other Reference Number(s):

**EVA ASABRE, ET AL. VS. RETAIL SERVICES & SYSTEMS, INC.**

Date: 12/13/2021

### ORDER FOR MANDATORY PRETRIAL HEARING – Civil Track 3
### COMPLAINT FILED ON 12/10/2021

In accordance with Maryland Rules of Procedure, Rule 2-504, and in order to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time and at the least possible cost to the Court and to litigants, it is this day, by the Circuit Court for Montgomery County, Maryland,

**ORDERED**, that the parties and trial counsel shall appear in court for a Pretrial Hearing on 9/22/2022. No further notice will be given of this date. Unrepresented parties and/or trial counsel shall meet at least two weeks prior to the hearing date to prepare a written joint pre-trial statement and endeavor to settle the case. If the parties cannot agree to the meeting place or date, it shall be two weeks before the hearing date at 9:00 a.m. in the lobby of the Court House. The joint pre-trial statement shall be signed by all parties and their attorneys and shall be filed with the court at least seventeen days before the Pretrial Hearing and shall contain the following:

1. <u>Nature of the Case</u>: A brief, non-argumentative statement suitable for reading to a jury.

2. <u>Claims and/or Defenses</u>: Each party to set forth a concise statement of all claims and defenses which that party is submitting for trial.

3. <u>Undisputed Issues and Facts</u>: List all issues not in dispute and set forth stipulated facts.

4. <u>Disputed Issues</u>: List each disputed issue and the principal contentions of all parties respecting each.

5. <u>Relief Sought</u>: Specify nature and amount of each item of damage claimed or description of equitable relief sought by each party.

6. <u>Citations</u>: List any cases or statutes which need to be called to the Court's attention.

7. <u>Pending Motions</u>: List title, movant, and filing date of pending motions.

8. <u>Witnesses</u>: Name, address, and telephone number of each person who may be called to testify. As to experts, list matters about which each expert will testify. No party may call at trial any witness omitted from that party's pre-trial statement, except for impeachment or rebuttal purposes.

9. <u>Exhibits</u>: Attach a listing of the exhibits to be offered in evidence by each party at the trial, other than those expected to be used solely for impeachment, indicating which exhibits the parties agree may be offered in evidence without the usual authentication. Complete list of exhibits identifying by exhibit number each document that may be offered at trial. (Stickers to be attached to each exhibit are available in Clerk's office.) Any objections to another party's exhibits should be stated.

10. <u>Deposition Testimony</u>: Designation by page and line of deposition testimony to be offered as substantive evidence, not impeachment.

Eva Asabre, et al. vs. RETAIL SERVICES & SYSTEMS, INC.    Case Number: C-15-CV-21-000459
Case 8:22-cv-00148-PWG    Document 1-2    Filed 01/19/22    Page 32 of 32
Other Reference Number(s):

11. <u>Pleadings and Discovery Responses</u>: Designation by page and paragraph of any pleading or discovery response to be offered as substantive evidence, not impeachment.

12. <u>Demonstrative or Physical Evidence</u>: Describe any items of non-testimonial, non-documentary evidence - - models, samples, objects, etc. – to be utilized at trial.

13. <u>Videotapes</u>: Identify any videotapes to be shown to the jury and authority for doing so.

14. <u>Requested Jury Selection Questions</u>: Identify those agreed upon and include any objections made by either side.

15. <u>Pattern Jury Instructions</u>: Identify those agreed upon and those not agreed upon. Designate the source of the instruction.

16. <u>Non-Pattern Jury Instructions</u>: Supply complete text of each instruction, with authorities, on a separate page.

17. <u>Verdict Sheet (if requested)</u>: Text of verdict sheet, including any special interrogatories, to be submitted to the jury.

18. <u>Settlement</u>: Minimum demand; Maximum offer.

19. <u>Estimated Length of Trial</u>: _____ days.

and it is further

**ORDERED**, that counsel and unrepresented parties shall file the Joint Pretrial Statement no later than seventeen days **(DEADLINE: 09/06/2022)** before the Pretrial Hearing; and it is further,

**ORDERED**, for cases that have not reached a settlement by the Pretrial Hearing date, that the parties and their counsel and representatives with the authority to settle shall participate in good faith in any Settlement Conference, that may be set at the Pretrial.

Entered: Clerk, Circuit Court for
Montgomery County, MD
December 13, 2021

12/13/2021
Date

Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

If track information does not correspond to assigned track, counsel for the defendant shall notify the DCM Coordinator at (240) 777-9358.

Questions? Please see the Court's Guide to DCM Orders and https://montgomerycountymd.gov/cct/departments/dcm.html