## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

September 19, 2022

RE: *Eva Asabre v. Retail Services & Systems, Inc. d/b/a Total Wine & More*,
PWG-22-148

## **LETTER ORDER**

Dear Parties:

This letter order addresses Plaintiff's Motion to Remand, ECF No. 19, and Defendant's Motion to Dismiss, ECF No. 29. Both motions have been fully briefed, and having reviewed all the filings, I find that a hearing is not necessary to resolve these motions. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, I shall grant Plaintiff's motion and remand this case to the Circuit Court for Montgomery County. As such, Defendant's Motion is denied without prejudice as moot.

Plaintiff, Eva Asabre, filed this putative class action lawsuit against Retail Services & Systems, Inc., doing business as Total Wine & More ("Total Wine"), in the Circuit Court for Montgomery County, alleging unfair, deceptive, and misleading consumer practices in violation of the Maryland Commercial Electronic Mail Act ("MCEMA"), Maryland Code Ann., Comm. Law §§ 14-3001 *et seq.* Compl., ECF No. 6. Ms. Asabre alleged that she received emails from Total Wine offering discounts on wine, but the discounts included conditions that were not disclosed in the subject heading of the email. *Id.* ¶ 5. Ms. Asabre seeks only statutory damages of $500 per violation and attorneys' fees. *Id.* at 12.

Total Wine timely removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b). Not. Removal, ECF No. 1. Under CAFA, a federal district court has jurisdiction if (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (2) is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant, provided that (3) the number of members of all proposed plaintiff classes in the aggregate is 100 or more. 28 U.S.C. § 1332(d). Total Wine contends that this case satisfies these conditions.

Ms. Asabre moves to remand this case back to state court on two alternative grounds. Mot. Remand 1, ECF No. 10. Perhaps surprisingly, the plaintiff argues that she lacks Article III standing in federal court, and therefore, this court lacks subject matter jurisdiction. *Id.* She also argues that Total Wine failed to satisfy its burden of proving that the total amount in controversy exceeds the $5,000,000 CAFA threshold. *Id.*

If a federal court determines that it does not have jurisdiction over a case that has been removed from state court, the federal court must remand the case back to state court. *See* 28 U.S.C. § 1447(c). In considering a motion to remand, courts typically "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (quoting *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 507 (E.D. Va. 1992)). However, there is no presumption in favor of remand when cases are removed under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The burden of establishing jurisdiction rests with the party seeking removal, here Total Wine. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004).

Article III standing is a prerequisite to subject matter jurisdiction. *Edgar v. Coats*, 454 F. Supp. 3d 502, 520 (D. Md. 2020) (citing *Beyond Systems, Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 715 (4th Cir. 2015)). Ms. Asabre asserts that Total Wine has failed to satisfy its burden of establishing that she alleged a concrete injury in fact for purposes of federal Article III standing. Mot. Remand 4. To satisfy constitutional standing requirements, a plaintiff must have suffered an "injury in fact," that has a causal connection to the conduct complained of and which can be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). In order for plaintiffs to satisfy the injury-in-fact requirement, they must establish that they "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural and hypothetical.'" *Maryland v. United States*, 360 F. Supp. 3d 288, 307 (D. Md. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). Importantly, "under Article III, an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021); *see also Garey v. James S. Farrin, P.C.*, 35 F.4th 917, 921 (4th Cir. 2022) ("[P]laintiffs cannot establish a cognizable injury simply by pleading a statutory violation."). "Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion*, 141 S. Ct. at 2205.

Ms. Asabre alleged that Total Wine violated MCEMA, a Maryland state statute, by sending commercial emails with misleading subject headings. She alleged no harm to herself as a result of this violation, and she seeks only statutory damages under MCEMA § 14-3003. Total Wine argues that the bar for showing a concrete injury is low, and that Ms. Asabre's complaint alleges intangible injury. Def.'s Mot. Mem. 27, ECF No. 29-1. And Total Wine asserts that "the Fourth Circuit has already held that MCEMA violations constitute concrete injuries sufficient to satisfy Article III standing requirements. *Id.* at 28-29 (citing *Beyond Systems*, 777 F.3d at 715-16). However, *Beyond Systems* was decided prior to both *Spokeo* and *TransUnion*, which "rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion*, 141 S. Ct. 2205 (quoting *Spokeo*, 578 U.S. at 341). The Fourth Circuit court determined that Beyond Systems had claimed a harm—receiving spam e-mail, and Maryland law had created an interest in being free from such harm. *Beyond Systems*, 777 F.3d at 716. It did not discuss the plaintiff's alleged harms from receiving spam email, although it referred to the

plaintiff having "invited its own purported injury." *Id.* at 715.[1] The Supreme Court has since emphasized that courts must "independently decide whether a plaintiff has suffered a concrete harm under Article III" and "cannot treat an injury as 'concrete' for Article III purposes based only on Congress's say-so." *TransUnion*, 141 S. Ct. at 2205 (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 999, n. 2 (11th Cir. 2020)).  The Fourth Circuit has also subsequently emphasized this point. *Garey*, 35 F.4th at 921 ("[P]laintiffs cannot establish a cognizable injury simply by pleading a statutory violation.").

Here, I need not engage in further detailed analysis regarding whether the plaintiff has established a cognizable injury by identifying a historical analogue for her asserted injury.[2] Ms. Asabre does not assert an injury, nor does she allege any facts to support a finding that she incurred an injury from her receipt of the challenged emails. Indeed, she specifically and expressly states that she alleges only a statutory violation.  Mot. Remand 6.  Consequently, Total Wine cannot show that Ms. Asabre has standing under Article III. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) (holding standing must "affirmatively appear in the record").

Accordingly, absent federal subject matter jurisdiction, this case must be remanded back to the Circuit Court for Montgomery County.  Further, since Article III standing must be found to exist before a court may address the merits, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), I shall not consider the merits of Defendant's Motion to Dismiss but deny it without prejudice as moot.

Although informal, this is an Order of the Court and shall be docketed as such. A separate Order shall follow.

Sincerely,

_____/S/_____

Paul W. Grimm
United States District Judge

---

[1]	I note that the district court also considered standing and held that "entitlement to statutory damages, in and of itself, does not establish the requisite injury-in-fact" for standing. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, 972 F. Supp. 2d 748, 766 (D. Md. 2013).

[2]	The *TransUnion* Court "explained that plaintiffs proceeding under a statutory cause of action can establish a cognizable injury by 'identif[ying] a close historical or common-law analogue for their asserted injury' for which courts have 'traditionally' provided a remedy.'" *Garey*, 35 F.4th at 921 (quoting *TransUnion*, 141 S. Ct. 2204).